# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Van Ness

**DEFENDANTS**
G. Miller & Sons Welding, Inc
Brandon S. Williams
Gregory A. Miller, Sr.

**(b)** County of Residence of First Listed Plaintiff: Bergen County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Berks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander C. Hyder, Esq. - Morgan & Morgan
2005 Market St, Ste 350, Philadelphia, PA 19103
267-780-2985

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Rear-end motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of the jurisdictional threshold

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/17/2022

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __15 West Newell Avenue, Rutherford, NJ 07070__

Address of Defendant: __323 Wolf Creek Road, Bernville, PA 19506__

Place of Accident, Incident or Transaction: __Greenwich Township, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/17/2022__   _____ *(signature)*   __320939__
 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| [ ] 1. | Indemnity Contract, Marine Contract, and All Other Contracts | [ ] 1. | Insurance Contract and Other Contracts |
| [ ] 2. | FELA | [ ] 2. | Airplane Personal Injury |
| [ ] 3. | Jones Act-Personal Injury | [ ] 3. | Assault, Defamation |
| [ ] 4. | Antitrust | [ ] 4. | Marine Personal Injury |
| [ ] 5. | Patent | [✓] 5. | Motor Vehicle Personal Injury |
| [ ] 6. | Labor-Management Relations | [ ] 6. | Other Personal Injury *(Please specify):* _____ |
| [ ] 7. | Civil Rights | [ ] 7. | Products Liability |
| [ ] 8. | Habeas Corpus | [ ] 8. | Products Liability – Asbestos |
| [ ] 9. | Securities Act(s) Cases | [ ] 9. | All other Diversity Cases |
| [ ] 10. | Social Security Review Cases | | *(Please specify):* _____ |
| [ ] 11. | All other Federal Question Cases *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Alexander C. Hyder, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __05/17/2022__   _____ *(signature)*   __320939__
 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**MORGAN & MORGAN**

Alexander C. Hyder, Esquire #320939                              *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 12061442

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES VAN NESS**<br>      **Plaintiff**<br>  v.<br>**G. MILLER & SONS WELDING, INC.**<br>  *and*<br>**BRANDON S. WILLIAMS**<br>  *and*<br>**GREGORY A. MILLER, SR.**<br>      **Defendants.** | Case No.:<br><br>**CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT – CIVIL ACTION**

**MOTOR VEHICLE ACCIDENT**

  Plaintiff, James Van Ness, by and through his undersigned counsel and the law firm Morgan & Morgan Philadelphia PLLC, assert a cause of action for negligence against the above captioned Defendant, and in support thereof avers as follows:

**THE PARTIES**

  1.  Plaintiff, James Van Ness (hereinafter "Plaintiff") is an adult individual who resides at 15 West Newell Avenue, Rutherford, NJ 07070.

  2.  Defendant, G. Miller & Sons Welding, Inc., is an organized and existing business entity having a place of business at 323 Wolf Creek Road, Bernville, PA 19506.

3. Defendant, Brandon S. Williams (hereinafter "Defendant Williams"), is an adult individual who resides at 5702 Old Route 22, Hamburg, PA 19526.

4. Defendant, Gregory A. Miller, Sr. (hereinafter "Defendant Miller"), is an adult individual who resides at 2176 Market Street, Auburn, PA 17922.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy is greater than $75,000.

6. Plaintiff is a citizen of the State of New Jersey.

7. Defendant Williams and Defendant Miller are citizens of the Commonwealth of Pennsylvania.

8. Defendant G. Miller & Sons Welding, Inc. maintains corporate citizenship in the Commonwealth of Pennsylvania by virtue of its incorporation and home office in the Commonwealth.

9. This Court has personal jurisdiction over the Defendants because at all relevant times, Defendants resided and operated a motor vehicle in the Commonwealth in Pennsylvania.

10. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(3) because Defendants are subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

11. At all times relevant hereto, Defendant Williams was the operator of a 2009 Chevy truck bearing PA license plate number ZKC3452, owned by Defendant Miller (hereinafter the "subject truck").

12. At all times relevant hereto, Defendant Williams was acting within the course and

scope of his employment with Defendant G. Miller and Sons Welding, Inc., in the furtherance of the business interests and objectives of Defendant G. Miller and Sons Welding, Inc., and with the actual and/or implied authority of Defendant G. Miller and Sons Welding, Inc.

13. At all times material hereto, Defendant G. Miller and Sons Welding, Inc. acted or failed to act through their agents, ostensible agents, servants, borrowed servants, workmen and/or employees all in the course and scope of such relationship.

14. At all times material hereto, Defendant G. Miller and Sons Welding, Inc., established or should have established plans, specifications, and safety programs for the safe operation of motor vehicles, including commercial trucks.

15. At all times relevant hereto, Plaintiff was the passenger of a 2017 Chevy Colorado bearing NJ license plate number XFDM99, operated by Mathew O'Brien.

16. At approximately 9:33 a.m. on September 30, 2021, Plaintiff, as a passenger, was travelling westbound on I-78 within the vicinity of mile marker 33.8 in Greenwich Township, Pennsylvania, and was slowing due to traffic.

17. At the same time and place, Defendant Williams, while in the course and scope of his employment with Defendant G. Miller and Sons Welding, Inc., was travelling westbound on I-78 at a high-rate of speed and failed to notice slowing vehicles due to traffic, violently striking the rear of the vehicle which Plaintiff, pushing it forward, then striking it again, thereby causing Plaintiff's personal injuries as more fully hereinafter described.

18. As a direct and proximate result of the Defendants' negligence as described herein, Plaintiff suffered serious and permanent injuries and damages.

19. This crash was in no way caused or contributed to by the Plaintiff and was solely caused by the Defendants in the manner set forth herein.

20. The conduct of Defendants rises to the level of outrageous conduct in that Defendants willfully and recklessly ignored the known safety hazards associated with driving a commercial vehicle in an unsafe manner, which caused Plaintiff's serious and permanent injuries.

21. As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject truck of Defendants herein, Plaintiff was caused to sustain serious and permanent injuries including, but not limited to, some or all of which are permanent in nature and may last into the future:

    a. Concussion/mild traumatic brain injury;

    b. Post-concussive syndrome;

    c. Vertigo;

    d. Tinnitus and hearing loss;

    e. Cervical disc herniation with annular tear at C3-4;

    f. Cervical radiculopathy;

    g. Thoracic disc herniation at T1-2; and

    h. Left shoulder superior labral tear.

22. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of Defendants herein, Plaintiff was required to undergo significant medical treatment, which, as of the date of this filing, is continuing into the future.

23. As a further result of his injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

24. As a further result of his injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services,

diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

25. As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

26. The aforementioned conduct of the Defendants foreseeably caused a high degree of risk of serious physical injury to other motorists, including Plaintiff, and which caused Plaintiff's severe personal injuries as set forth herein.

27. Plaintiff's injuries and damages were caused solely by the acts of the Defendants jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

28. Plaintiff's injuries and damages were not caused by any act or omission on the part of Plaintiff or any other individuals and/or entity.

29. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

## COUNT I

## JAMES VAN NESS vs. G. MILLER AND SONS WELDING, INC.

30. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

31. At all times relevant hereto, Defendant G. Miller and Sons Welding, Inc. conducted

business in the Commonwealth of Pennsylvania.

32. At all times relevant hereto, Defendant G. Miller and Sons Welding, Inc. employed, supervised, and trained the operator of the subject truck, Defendant Williams.

33. The injuries, damages and losses suffered by Plaintiff, as more fully set forth above, were caused by the negligence, carelessness, recklessness, and gross negligence of Defendant G. Miller and Sons Welding, Inc., jointly and severally, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

    a. failing to properly train their employees;

    b. failing to properly maintain their trucks, including the subject truck;

    c. failing to properly service their trucks, including the subject trucks;

    d. failing to inspect their trucks, including the subject trucks;

    e. failing to properly maintain, service, and/or inspect the brakes and brake systems of their trucks, including the subject truck;

    f. failing to ensure the subject truck was operated by a properly trained and licensed driver;

    g. failing to properly monitor driver performance;

    h. promoting and encouraging drivers to rush at the expense of safety;

    i. violating commercial motor vehicle regulations; and

    j. failing to use due care under the circumstances;

34. The conduct of Defendant G. Miller and Sons Welding, Inc. caused and contributed to the aforesaid accident, and the injuries and damages suffered by Plaintiff described at length herein.

35. As a direct and proximate result of the negligence, carelessness, reckless, and/or other liability-producing conduct of Defendant G. Miller and Sons Welding, Inc., Plaintiff sustained severe and permanent injuries and damages, as previously described.

36. Defendant G. Miller and Sons Welding, Inc. knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers, including the subject tractor-trailer, posed a very high risk of serious bodily injury and/or death to those other vehicles, including Plaintiff.

37. The conduct of Defendant G. Miller and Sons Welding, Inc. rises to the level of outrageous conduct by willfully and recklessly ignoring the known safety hazards which caused the severe and permanent personal injuries of Plaintiff as set forth herein.

38. Defendant G. Miller and Sons Welding, Inc. acted with a willful, wanton, and reckless disregard for the safety of other vehicles and pedestrians, including Plaintiff.

39. Defendant G. Miller and Sons Welding, Inc. is jointly and severally liable for the injuries and damages of the Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT II

### JAMES VAN NESS v. BRANDON S. WILLIAMS

40. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

41. At all times relevant hereto, Defendant Williams was an employee, agent, ostensible agent, servant, and/or worker of Defendant G. Miller and Sons Welding, Inc.

42. At the time of the accident, Defendant Williams was acting within the course and scope of his employment and/or agency with Defendant G. Miller and Sons Welding, Inc.

43. The negligence, carelessness, and recklessness of Defendant Williams consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of the subject truck so as to avoid crashing into the Plaintiff;

    b. Driving too fast for the conditions and circumstances present at the time;

    c. Failing to pay proper attention while operating the subject truck;

    d. Failing to notice slowing vehicles due to traffic while operating the subject truck;

    e. Operating the subject truck in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

    f. Failing to have the subject truck under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    g. Failing to remain alert;

    h. Traveling at an excessive rate of speed under the circumstances in violation of the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR") and applicable laws of the Commonwealth of Pennsylvania;

    i. Failing to operate the subject truck in accordance with the FMCSR and the laws of the Commonwealth of Pennsylvania;

    j. Failing to make necessary and reasonable observations while operating the subject truck;

      k.      Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;

      l.      Failing to timely and properly apply his brakes;

      m.      Violating both the written and unwritten policies, rules, guidelines, and regulations of G. Miller and Sons Welding, Inc. and/or the Commonwealth of Pennsylvania;

      n.      Failing to maintain an assured clear distance;

      o.      Failing to apprise himself of and/or abide by the FMCSR;

      p.      Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

      q.      Failing to properly inspect his truck in violation of the FMCSR;

      r.      Consciously choosing to drive the subject truck at a high rate of speed for the location and circumstances; and

      s.      Acting with a conscious disregard for the rights and safety of the Plaintiff.

44. For the reasons set forth above, Defendant Williams's operation of the subject truck represented a foreseeable and unreasonable risk of danger to other vehicles, including the Plaintiff.

45. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Williams, Plaintiff sustained severe and permanent injuries and damages, as previously described.

46. The conduct of Defendant Williams rises to the level of outrageous conduct in that it willfully and recklessly ignored the known safety hazards which caused Plaintiff's harm and damages as set forth herein.

47. Defendant Williams acted with a willful, wanton, and reckless disregard for the safety of other vehicles, including the Plaintiff.

48. This and other misconduct of Defendant Williams constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT III

## JAMES VAN NESS v. G. MILLER AND SONS WELDING, INC., as being vicariously liable for BRANDON S. WILLIAMS

49. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

50. At all times relevant hereto, Defendant Williams was an employee, agent, ostensible agent, servant, and/or worker of Defendant G. Miller and Sons Welding, Inc.

51. At the time of the accident, Defendant Williams was acting within the course and scope of his employment and/or agency with Defendant G. Miller and Sons Welding, Inc.

52. Defendant G. Miller and Sons Welding, Inc. is vicariously liable as the employer and/or principal of Defendant Williams for the injuries, resulting losses and expenses of Plaintiff for which claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*.

53. Defendant G. Miller and Sons Welding, Inc. owed a duty to Plaintiff to ensure their employees were properly supervised, monitored, trained, and/or qualified.

54. Defendant G. Miller and Sons Welding, Inc. owed a duty to Plaintiff to establish and enforce safety policies and procedures addressing safety.

55. The conduct of Defendant G. Miller and Sons Welding, Inc. caused and contributed to the aforesaid accident, and the injuries and damages of Plaintiff described at length herein.

56. As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Defendant G. Miller and Sons Welding, Inc., Plaintiff sustained serious and permanent injuries and damages, as previously discussed.

57. Defendant G. Miller and Sons Welding, Inc. is jointly and severally liable for the injuries and damages of the Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary.

## COUNT IV

### JAMES VAN NESS vs. GREGORY A. MILLER, SR.

58. The Plaintiff herein incorporates by reference the preceding paragraphs as though same were set forth fully at length herein.

59. The negligence and/or carelessness of Defendant Miller, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

  a. Permitting Defendant Williams to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

  b. Permitting Defendant Williams to operate the motor vehicle when

      Defendant Miller knew, or in the exercise of due care and diligence, should have known that Defendant Williams was capable of committing the acts of negligence set forth above;

  c. Failing to warn those persons, including the Plaintiff, that Defendant Miller knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant Williams' negligent operation of the motor vehicle.

60. The accident herein was in no way due to any act or failure to act on the part of the Plaintiff, James Van Ness.

61. As a direct result of the negligent and/or careless conduct of Defendants, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries all to Plaintiff's great loss and detriment.

62. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

63. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

64. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

65. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by applicable law, for which he makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdictional threshold, plus all costs and other relief this court deems necessary.

**MORGAN & MORGAN**

BY: _____
Alexander C. Hyder, Esquire
*Trial Counsel for Plaintiff*

DATE: 05/17/2022

**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #320939               *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 12061442

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES VAN NESS**<br>　　　　　　　　**Plaintiff**<br>　　v.<br>**G. MILLER & SONS WELDING, INC.**<br>　　*and*<br>**BRANDON S. WILLIAMS**<br>　　*and*<br>**GREGORY A. MILLER, SR.**<br>　　　　　　　　**Defendant.** | Case No.:<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

　　　　　　　　　　　　　　　　　　**MORGAN & MORGAN**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　ALEXANDER C. HYDER, ESQUIRE
Date:  05/17/2022　　　　　　　　　　　*Trial Counsel for Plaintiff*

## **VERIFICATION**

I, JAMES VAN NESS, hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information, and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of the court relating to unsworn falsification to authorities.

_____
James Van Ness

DATE: 05/17/2022